BEFORE THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK



**CHAIM LOWENSTEIN, ("Plaintiff Lowenstein") Pro-Se,**
1973 60th Avenue, 126
Brooklyn, NY 11204
(347) 680-4861
**Plaintiff(s),**

CASE NUMBER: 08CV4730
THE HONORABLE JUSTICE: TOWNES
DECK TYPE: Pro Se
DATE STAMP: 11/17/2008

**TOM KANE, JR., ("Defendant Kane")**
1446 Clippership Bay
St. Paul, MN 55125
(651) 247-1011, (651) 731-3491

**DIETZ-KANE & ASSOCIATES**
**INSURANCE AGENCY, INC., ("Defendant Dietz-Kane")**
674 6th Street, East
St. Paul, MN 55106 (651)774-1304

**GO DADDY GROUP, INC, D/B/A GODADDY.COM, INC., &**
**BLUE RAZOR DOMAINS, INC., ("Defendant GODADDY")**
14455 North Hayden Road
Scottsdale, AZ 85260
(480) 505-8800

**JOHN DOE,** that entity or person that had control of the websites and domain names where plaintiff was injured,

**JANE DOE,** that entity or person that had control of the websites and domain names where plaintiff was injured,

**Defendant(s).**

## ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

Upon the Affirmation of Chaim Lowenstein and upon the copy of the Motion for Preliminary Injunction and Complaint for Injunctive Relief and Damages attached hereto, it is ORDERED that the above named Defendants show before this Court, at Room ___, United States Court House, Cadman Plaza East in Kings County and the State of New York on _____, 2008 at _____ o'clock in the _____ noon thereafter that as counsel may be heard, why an order should not be issued pursuant Rule 65 to the Federal Rules of Civil Procedure enjoining the defendants during the pendency of this from the following:

WHEREFORE, Plaintiff demands judgment as follows: a) That Defendants, their agents, franchisees, licensees, servants, representatives, employees, attorneys, successors and assigns, and all those in active concert or participation with any of them who receive notice of such judgment directly or otherwise, be preliminarily and permanently enjoined from infringing the Marks, whether or not registered, from falsely designating the origin, sponsorship of or affiliation of their business or services, from unfairly competing with Plaintiff, from diluting the distinctive quality of the Marks and specifically

(i) Imitating, copying, using, reproducing, displaying, maintaining on any database or computer, or authorizing or permitting any third party to imitate, copy, use, reproduce, display download by computer or maintain by computer or otherwise, the Marks or any copies, simulations, variations or colorable imitations thereof on or in

connection with the offering of any goods, service, information or data via computer network or otherwise, including making any use, threatening to use, claiming ownership of or registering or procuring "knowledgenet.com" as an address or using it on the Internet, or otherwise;

(ii) Using, authorizing, maintaining or making available for use or aiding in any way any third party to use or copy the Marks, or from otherwise infringing the Marks;

(iii) Using any trademark, trade name, logo, business name, computer address or other identifier or acting in any fashion which may be calculated to falsely represent that the services provided, promoted or offered by Defendants are sponsored by, authorized by, licensed by, or in any other way associated with Plaintiff;

(iv) Diluting the distinctive quality of the Marks, including the unauthorized licensing thereof;

(v) Aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs 'i' through 'iv' above.

(b) Directing that Defendants delete from their computer files, menus, hard drives, CD/DVD, USB Thumb Drives, NAS, SAN, Online Backups, Tape, diskettes and backups, and deliver up to Plaintiff all materials incorporating or bearing the Marks or the mark or name knowledgenet.com" or any copies, simulation, variation or colorable imitations thereof.

(c) Directing that Defendants immediately cease use, from time to time, threatening to use, and claiming ownership of the "247coffee.com" domain on the Internet and that they forfeit or otherwise give up any registrations, claims and any other interests allowing Defendants to use or claim rights to use the "247coffee.com" address or any other address incorporating "247coffee" or otherwise assign or turn such address or registrations therefore over to Plaintiff.

(d) Directing that Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of Judgment a report in writing under Oath setting forth in detail the manner and form in which the Defendants have complied with the requirements of the Injunction and Order.
e) Directing such other relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any goods or services provided by or promoted by Defendants are authorized by Plaintiff or related in any way to Plaintiff, its products or their
services.

(f) Awarding Plaintiff:(i) All of the Defendants' profits, gains and advantages derived from the unauthorized use of the Marks or any imitation or simulation thereof and that such sums be trebled pursuant to 15 U.S.C. $1117;

(ii) All damages sustained by Plaintiff by reason of Defendants' acts of trademark infringement and unfair competition and that such damages be trebled pursuant to 15 U.S.C. $1 1 17;

(iii) All damages sustained by Plaintiff, by reason of Defendants' usurpation of Plaintiffs corporate opportunity,
(iv) Exemplary and punitive damages as the court finds appropriate to deter any future will fill conduct, and (v) Interest, including prejudgment interest, on the foregoing sums.

(g) Awarding to Plaintiff its attorneys fees and costs incurred by reason of Defendants' violations;

(h) Directing such other relief as the Court may deem appropriate to prevent the Defendants from participating in this or other patterns of racketeering activities.

(1) directing Defendants Tom Kane, Jr., Godaddy.com and Blue Razor Domains, Inc. to immediately take all necessary steps to restore to Plaintiff the ownership of his websites and domain names in the manner and having precisely the content in which these had existed prior to unauthorized and unwarranted transfer of those rights on July 18, 2008;

(2) directing Defendants Godaddy.com and Blue Razor Domains, Inc. to conduct a full accounting of the content of the websites and domain names so as to make a determination that restoration has in fact been made and to the extent that changes or modifications have occurred while the websites and domains were out of the possession of Plaintiff, Defendants are further directed to take any and all steps revealed by the accounting to fulfill the restoration, after which Defendants are directed to host Plaintiff's restored websites and domains onto another host server that is not under the control of Defendants GoDaddy.com or Blue Razor Domains, Inc;

(3) directing Defendants GoDaddy.com and Blue Razor Domains, Inc. to bear all administrative costs for the restoration and hosting of Plaintiff's websites and domains; and

(4) enjoining Defendant Tom Kane, Jr. from accessing or attempting to access websites or domains belonging to Plaintiff and further enjoining Kane from any form of interference with Plaintiff's business associates, customers or commercial contacts.

And it is further ORDERED that a copy of this order, together with the papers upon which it was granted, be personally served upon the Defendants or their attorneys on or before _____, 2008 by _____AM/PM, and that such service be deemed good and sufficient.

Dated: Brooklyn, New York

Date: _____

_____

United States District Judge